Smith, J.
The claim of the plaintiffs in the original petition,filed by them some time in 1897, .was substantially this, as we understand: That the village by its authorities, as shown by its resolutions, ordinances and other proceedings, was about to make a contract with some one to take up and remove a sewer which had been constructed in certain streets and avenues of the village, duly dedicated to public use by the proprietors of a subdivision afterwards annexed to the village, and which sewer when constructed was for the use of the abutting lots and lot owners for drainage purposes, and had been used for that purpose for years, and adopted by the village after the subdivision was annexed. And that the village, after the old sewer was taken up, was about to' |put down a new one of the same general character at great cost, and assess the cost of all of said improvement upon the property abutting on said streets where the work was done, and*thus on their property. That their said lots that would be so assessed for such cost, do not need local drainage, as they were already provided therewith by the old sew«r about to be removed. They therefore prayed that the said village be enjoined from accepting any bids-for said proposed work, and from making any sewer thereunder or contract for the removal of the existing sewer and the construction of the new one, or from levying any assessment therefor on the property of the plaintiffs, and for such other relief as they may be entitled to.
An answer was filed by the village, as we understand, denying some of the allegations of the petition, particularly those as to the plaintiffs having local drainage, and on a hearing of the case in the common pleas court the petition of the plaintiffs was dismissed, September 7,1897.- Plaintiffs appealed the case to this court, and about October 25th following filed an amended and supplemental petition, and a temporary injunction was allowed on plaintiffs giving bond in the sum of $8,000 — but no undertaking was executed. This amended petition does not differ much from the original, but sets up other reasons why their propérty should not be assessed.
But as no injunction bond was executed by plaintiffs, the village proceeded with the improvement as though no action *463 was pending, and now the plaintiffs seek to tile a second amended and supplemental petition, which is resisted' bj? defendant. It avers, substantially, that after the appeal ófthe cause to the circuit court, the village proceeded to take up their old sewer, and constructed the new one according to the plan adopted, and took, the old pipes and appropriated them to other uses, and on February 21, 1898, passed’ an assessing ordinance, assessing each front foot of the lots, of plaintiffs, arbitrarily, 0.7116 cents, without regard to. benefits. That the total cost assessed on the abutting-property included the cost of other improvements made by the village years before and not contemplated or provided' for by the proceedings in this case, there . being about $2237.34 so illegally assessed on the abutting property, ands that for this reason also the assessment on their property should be enjoined.
The question which now arises is, whether the court'ha»-, the right under this state of fact to allow this amended and supplemental petition to be filed, and if so, should it be' granted, and on what terms? There can be no question, we think, but that the court has the right when a case comes-to it on appeal, to allow amendments to be made to the pleadings in furtherance of justice, and where the effect off such amendments is not to state a new and different cause-of action from that originally brought in the lower court. Grant v. Ludlow, 8 Ohio St., 32. The question in' this case then, so far as regards the right of the court to allow the amendment presented, is whether it does state" a new and different cause of action from that originally" pros.-, ecuted.
It seems to us that the only good cause of action present-, ed by the original petition is, that the village for the reason» stated therein, viz.: that the plaintiffs’ property was already-provided with local drainage, and did not need other drainage, and that the village was about to incur a very great expense in the construction of the new sewer and was about to assess the cost thereof upon the abutting' 'property,' ' including that of the plaintiffs, and that so far as the plaintiffs’ property was concerned they ought to be. restrained from doing so, for the reason that under the provisions ' óf section 2380, Revised Statutes, it had no right under"thetíe *464 circumstances to make any assessment on such lots so provided with local drainage. It would seem that on no other ground stated in the original petition would the plaintiffs have been entitled to relief, for if the village authorities act in good faith, they have authority to construct a general system of sewerage, and in doing so, destroy or change existing ones; but if they do this, and the old system afforded to any one local drainage from his premises, then sueh premises can not be assessed for the cost of the new system.
The question does arise, whether the plaintiffs under the allegations of their petition, had a good cause of action to '©njoin the levy of an assessment on their property for the ■cost thereof, (as was evidently contemplated by the village authorities as shown by their proceedings and ordinance), or whether they must wait until the assessment is levied • and seek to enjoin that, With some doubt, we have reached the conclusion that they had a right to seek to enjoin the .levy of the assessment, and if the facts disclosed warrant :it, to have an injunction, and would . not be required to •wait until it was actually levied and then seek to get rid of it. Indeed, for some reasons it would seem fairer to the village to adopt this course, and thus have the question raised as to the rights of the village to assess certain property before the expense is incurred.
If, then, the plaintiffs had the right to seek to enjoin the assessment, as was done, and during the pendency of the .suit the village proceeded to do the work, and then assessed part of the cost on lots of the plaintiffs which for the reason ‘before assigned, were not subject to assessment therefor, have the plaintiffs the right in the original action, by way •of supplemental petition, to set up such facts and seek to enjoin the collection thereof? We think this may properly be done. Section 5119, Revised Statutes, provides that “either party may be allowed on such terms as to costs, as the court or a judge thereof may prescibe, to file a supplemental petition, answer or reply, alleging facts material to the case which occur subsequent to the filing of the former ■.petition, anwser or reply.’’ That is sought to be done in ‘this case, by alleging the doing of the work and the subsequent illegal assessment (as is claimed), on plaintiffs’ (property. That, it seems to us, is not the setting up of a *465 new or different cause of action, but only facts which it is claimed entitle them to other and different relief.
W. T. Porter, for Plaintiffs.
W. P. Oollins, Solicitor, for Defendant,
Nor do the additional reasons set up in this pleading why the assessment or same part of it is invalid which plaintiffs seek to file, make a new cause of action, but it only avers facts as to the same transaction which give the plaintiffs, as they claim, the right to the same kind of relief as to the matter complained of. We therefore have come to the conclusion to allow this supplemental pleading to be filed. Whether plaintiffs should be taxed with any part of the costs, as a condition thereto, will hereafter be decided, at the final hearing.